# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **ROBERTO SANTOS MARQUEZ,** §<br>    #05554-748 §<br> §<br>VS. §<br> §<br>UNITED STATES OF AMERICA §<br> § | | **CIVIL ACTION NO. 4:23cv1097**<br>**CRIMINAL ACTION NO. 4:08cr107(6)** |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Movant Roberto Santos Marquez, an inmate currently confined at FMC Fort Worth in Fort Worth, Texas, filed what appeared to be a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The above-styled action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## DISCUSSION

Movant filed a "Motion on a 924(c)," contesting the constitutionality of his federal conviction. (Dkt. #1). On January 12, 2024, the court entered an Order notifying Movant that it intended to re-characterize the "Motion on a 924(c)" as a § 2255 motion. (Dkt. #3). The court warned Movant that such re-characterization means any future § 2255 motions will be subject to restrictions on "second or successive" § 2255 motions. *Castro v. United States*, 540 U.S. 375, 383 (2003). (Dkt. #3). Accordingly, the court gave Movant thirty days from receipt of the Order to (1) notify the court if he did not wish to have his motion construed as a § 2255 motion or (2) complete the § 2255 form sent to him and submit it to the court should he wish to proceed with a § 2255

1

motion. (Dkt. #3). When Movant failed to file a response to the court's Order,[1] the court entered another Order on March 27, 2024, giving Movant fourteen days from receipt of the Order to (1) notify the court if he did not wish to have his motion construed as a § 2255 motion or (2) complete the § 2255 form and submit it to the court should he wish to proceed with a § 2255 motion. (Dkt. #5). On April 11, 2024, Movant filed a response with the court stating that he did not wish to have his "Motion on a 924(c)" construed as a § 2255 motion and wished to withdraw his "Motion on a 924(c)." (Dkt. #6). Attached to his response is Movant's "Request to Withdraw Motion on a 924(c)" that he had filed in his criminal case on January 31, 2024. (Dkt. #6-2). Movant has an absolute right to voluntarily dismiss his claims. Fed. R. Civ. P. 41(a)(1)(A).

## RECOMMENDATION

It is accordingly recommended that the above-styled construed motion for relief under 28 U.S.C. § 2255 be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

---

[1] A review of the docket in Movant's criminal case, Criminal Action No. 4:08cr107(6), reflects that on January 31, 2024, Movant filed a response to the court's Order (Dkt. #3) in his underlying criminal case, but not in this above-styled action. Specifically, Movant filed a "Request to Withdraw Motion on a 924(c)," stating that he "was assisted incorrectly by another inmate that did not know the law" and that he wished to withdraw the "Motion on a 924(c)." Crim. ECF (Dkt. #905).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of August, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE